IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CESAR VASQUEZ AND MAYRA VASQUEZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. XPRESS, INC., <br><br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 2:24-CV-00289-JRG <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant U.S. Xpress, Inc.'s ("Defendant") Motion for Protective Order and to Quash Portions of and Objections to Subpoena to Non-Party T-Mobile ("Motion"). (Dkt. No. 25.) Having considered the Motion and relevant authority, the Court finds that the Motion should be and hereby is **DENIED**.

**I.   BACKGROUND**

Plaintiffs Cesar Vasquez and Mayra Vasquez (collectively, "Plaintiffs") bring this action asserting various claims arising from injuries Plaintiff Cesar Vasquez sustained in a motor vehicle accident on November 14, 2023. (Dkt. No. 1.) Plaintiffs allege that Plaintiff Cesar Vasquez collided with an eighteen-wheeler operated by Jessica Nevels ("Ms. Nevels") and owned by Defendant. (*Id.* ¶ 5.)

On October 14, 2024, Plaintiffs noticed their intent to take the deposition on written question of Ms. Nevels' cell phone provider, T-Mobile. (Dkt. No. 27-1.) Plaintiffs' notice included a subpoena *duces tecum* requesting Ms. Nevels' cell phone records from November 6, 2023, up to and including November 14, 2023. (*Id.*)

Defendant filed this Motion, moving to quash portions of the subpoena and for a protective

order substantially limiting the timeframe of production. (Dkt. No. 25.) Specifically, Defendant seeks to limit T-Mobile's production of documents in response to the subpoena to the day of the accident, November 14, 2023. (*Id.* at 1-2.) Defendant argues that the subpoena is overboard, amounts to a fishing expedition, and unduly violates Ms. Nevels' privacy rights. (*Id.* at 2-5.) Plaintiffs did not file a response.

## II.  LEGAL STANDARD

Rule 45 governs subpoenas to obtain discovery from third parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or, preferably, modify a subpoena if it requires disclosure of privileged or other protected matter or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party bears the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979). However, a party has standing to move for a protective order under Rule 26(c) even if they do not have standing under Rule 45(d) to quash the subpoena. *See* Fed. Rule. Civ. P. 26(C)(1) (A party or any person from whom discovery is sought may move for a protective order); *accord Cunningham v. Concentrix Sols. Corp.*, 2021 WL 425099, at *2 (E.D. Tex. Feb. 8, 2021).

The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is on the party seeking the protective order "to show the necessity of its issuance, which contemplates

a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (cleaned up). Therefore, a protective order is warranted where the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order because the Court is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

### III.  ANALYSIS

#### A.  Standing[1]

Defendant does not have standing to quash the subpoena under Rule 45(d) because it does not have a personal right or privilege in the information sought. Generally, a party lacks standing to oppose the subpoena of a third party on the ground that the subpoena violates the third party's privacy rights. *Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022); *see Dean v. Tyson Foods*, 2022 WL 20112617, at *3 (E.D. Tex. Sept. 26, 2022) (a party "cannot challenge a subpoena issued to a non-party on the basis that it is overbroad, irrelevant, or unduly burdensome."); *see also Donaldson v. Crisp*, 2023 WL 6201372, at *5 (E.D. Tex. Sept. 21, 2023) (collecting cases).

Here, Plaintiffs' subpoena seeks Ms. Nevels' personal cell phone records. (Dkt. No. 27-1.) The subpoena does not seek Ms. Nevels' cell phone records from a company-owned cell phone. (Dkt. No. 25 at 2.) While Ms. Nevels is a current employee of Defendant, the information Plaintiffs

---

[1] Defendant does not address standing. However, the Court has an independent obligation to consider standing. *See Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 2008 WL 2944671, at 3 (E.D. Tex. July 25, 2008) (noting "although the parties have not raised this issue in the briefing, the Court is bound by the text of Rule 45").

3

seek through the subpoena is not directed to Defendant. The Court finds that Defendant does not have standing the oppose the subpoena on the basis that it violates Ms. Nevels' privacy rights. Defendant does not offer any argument as to how *it* has a personal right or privilege regarding Ms. Nevels' personal cell phone records. Ms. Nevels is not a named defendant and is not a party to the Motion.

Accordingly, the Court finds that Defendant does not have standing under Rule 45 to quash the subpoena.[2]

### B.   Protective Order

Although Defendant does not have standing to quash the subpoena under Rule 45, Defendant's Motion also seeks the issuance of a protective order prohibiting discovery of Ms. Nevels' cell phone records from November 6, 2023, to November 13, 2023, based on Rule 26. (Dkt. No. 25 at 2-5.) Defendant provided no "particular or specific demonstration of fact" to support its request for a protective order. *In re Terra Int'l*, 134 F.3d at 306. Instead, Defendant offers a stereotyped conclusion that the subpoena is overbroad. (Dkt. No. 25 at 2-5.) The Court finds that Defendant has failed to meet its burden.[3] *In re Terra Int'l*, 134 F.3d at 306.

Nevertheless, and even on its own initiative, the Court must limit the frequency or extent of proposed discovery that is irrelevant or disproportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

---

[2] Notwithstanding that the information Plaintiffs seek is discoverable, the Court notes that had Defendant had standing under Rule 45 to quash the subpoena, the Court would have quashed the subpoena due to Plaintiffs failure to oppose the Motion. The Motion's Certificate of Conference indicates that Plaintiffs oppose the Motion. (Dkt. No. 25 at 6.) Plaintiffs' response was due on or before November 6, 2024. *See* Local Rule CV-7(e). However, Plaintiffs did not file a response to the Motion. Therefore, while the Court must consider the Motion to be unopposed, it must also consider independently the issue of standing. Local Rule CV-7(d).

[3] Despite the Court considering this Motion to be unopposed, Defendant still bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d at 306 (5th Cir. 1998) (cleaned up).

Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401.

The Court finds that the evidence sought in Plaintiffs' subpoena passes the low bar for relevance and is proportional to the needs of the case. For example, evidence of Ms. Nevels' inordinate use of her cell phone in the several days leading up to the accident might be indicative of excessive use or distraction, and certainly any cell phone use by Ms. Nevels at the time of the accident is relevant.

Accordingly, Defendant's request to limit the scope of the subpoena is denied.

### IV. CONCLUSION

For the reasons stated above, the Court finds that the Defendant's Motion for Protective Order and to Quash Portions of and Objections to Subpoena to Non-Party T-Mobile (Dkt. No. 25), should be and hereby is **DENIED**.

**So Ordered this**

**Dec 11, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE