IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CESAR VASQUEZ and MAYRA VASQUEZ, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00289-JRG |
| U.S. XPRESS, INC., | § § § | |
| *Defendant*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant U.S. Xpress, Inc.'s ("Defendant") Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) and Brief in Support Thereof (the "Motion to Transfer"). (Dkt. No. 7.) Having considered the Motion to Transfer, the related briefing, and the relevant authorities, the Court finds that the Motion to Transfer should be and hereby is **DENIED**. Also before the Court is Defendant's Motion for Hearing by Submission on Defendant US Xpress, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) and Brief in Support Thereof (the "Hearing Request") (Dkt. No. 19) which, in light of this Order, is **DENIED AS MOOT**.

## I.    BACKGROUND

On April 29, 2024, Plaintiffs Cesar Vasquez and Mayra Vasquez (collectively, "Plaintiffs") filed this action against Defendant alleging claims based on a motor vehicle accident that occurred in Denton County, Texas. (Dkt. No. 1.) Defendant is the employer of the driver alleged to be at fault in the accident. (Dkt. No. 7 at 1.) Defendant is a Nevada corporation with its principal place of business in Chattanooga, Tennessee. (*Id.* at 2.) Defendant's employee and driver, Jessica Nevels, resides in Houston, Texas. (Dkt. No. 11 ¶ 5.) Plaintiffs reside in Denton County, Texas.

(Dkt. No. 1 ¶ 1.)

In the Motion to Transfer, Defendant seeks an intra-district transfer of this action to the Sherman Division of the Eastern District of Texas. (*See generally* Dkt. No. 7.)

## II.    LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). "A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is ***clearly more convenient*** taking into consideration" the public and private factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (emphasis added and cleaned up).

The plaintiff's choice of venue is entitled deference, however it is "not an independent factor." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.*

2

III.    **ANALYSIS**

Defendant argues that the Court should transfer this case to the Sherman Division because this case has no relevant connection to the Marshall Division. (*See generally* Dkt. Nos. 7, 13.) Plaintiffs argue that Defendant cannot demonstrate that the Sherman Division is clearly more convenient than the Marshall Division. (*See generally* Dkt. Nos. 11, 18.)

A.    **Proper Venue**

Given Defendant's request for an intra-district transfer, there is no dispute that venue is proper in the Eastern District of Texas. Since the applicable venue statute does not distinguish between the divisions of a judicial district, venue is proper in any division of the Eastern District of Texas. Therefore, Defendant has met the threshold requirement for transfer under § 1404(a). [1]

B.    **Private Interest Factors**

The private factors include: (i) the relative ease of access to sources of proof; (ii) the availability of compulsory process to secure the attendance of witnesses; (iii) the cost of attendance for willing witnesses; and (iv) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

1.    **The Relative Ease of Access to Sources of Proof**

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. *Remmers v. United States*, 2009 WL 3617597, at *4 (E.D. Tex. Oct. 28, 2009). Courts consider the distance that documents, or other evidence,

---

[1] At the outset, the reader should understand this Motion turns the typical motivation for transfer on its head. Defendant relies almost exclusively on improving the convenience of Plaintiffs' witnesses and sources of proof at the expense of its own. In so doing, Defendant necessarily guesses as to what proof Plaintiffs might deem needed or appropriate. Defendant and its counsel seem ready and willing to significantly increase the level of inconvenience visited upon Defendant in an effort to achieve its goal of transfer. Obviously, Defendant cares more about the ends than the means.

must be transported from their existing location to the trial venue. *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, 2014 WL 11609813, at *2 (E.D. Tex. July 16, 2014) (citing *Volkswagen II*, 545 F.3d at 316) (noting that this factor is still relevant even if documents are stored electronically). This factor turns upon which party "most probably [has] the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *Id.* "Presumably, the bulk of the discovery material relating to a corporate party is located at the corporate headquarters." *Id.* The movant must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties. *J2 Global Commc'ns, Inc. v. Proctus IP Sols., Inc.*, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009).

Defendant argues that the events that gave rise to this case occurred in Denton County, which is in the Sherman Division. (Dkt. No. 7 at 5-6.) Defendant argues that Plaintiff Cesar Vasquez was taken to a medical facility in Denton County. (*Id.* at 5.) Defendant asserts that Plaintiff Cesear Vasquez's medical provider and associated records are in Denton County. (*Id.*) Additionally, Defendant asserts that many anticipated witnesses, including the investigating officer and unidentified eyewitnesses, are in Denton County. (*Id.* at 5-6.)

Plaintiffs assert that they intend "to collect all necessary medical evidence and testimony through pre-trial depositions and document production," which eliminates the need for healthcare providers to appear at trial. (Dkt. No. 11 ¶ 4.) Plaintiffs argue that Ms. Nevels, Defendant's employee and driver who allegedly caused the accident, resides in Houston, Texas, which is closer to the Marshall Division than the Sherman Division. (*Id.* ¶ 5.) Plaintiffs also argue that Defendant's principal place of business is in Tennessee, which is closer to the Marshall Division than the Sherman Division. (*Id.* ¶¶ 6-7.)

4

While the parties acknowledge and do not dispute that there are sources of proof in Denton County, Defendant does not address or dispute that it has the bulk of its evidence at its corporate headquarters in Chattanooga, Tennessee. Defendant's headquarters houses sources of proof relating to the employment relationship between Defendant and Ms. Nevels. This is relevant since Plaintiffs bring claims for negligent entrustment, hiring, training, retention, and supervision. (*See* Dkt. No. 1; *see also Brooks v. J.B. Hunt Transp., Inc.*, 2019 WL 13210805, at *3 (E.D. Tex. May 10, 2019).) Thus, while some sources of proof relating to the accident are in Denton County, there are additional sources of relevant proof at Defendant's headquarters in Chattanooga, Tennessee— which is closer to the Marshall Division than the Sherman Division.[2]

Given these facts, the Court finds that this factor is neutral in the transfer analysis.

### 2.    The Availability of the Compulsory Process to Secure the Attendance of Witnesses

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See Volkswagen II*, 545 F.3d at 316.

Defendant alleges that Plaintiffs' medical providers, the investigating officer, and eyewitnesses reside outside the Marshall Division's subpoena power. (Dkt. No. 7 at 7.) Plaintiffs reiterate their argument that they intend to collect medical evidence prior to trial to eliminate the need for healthcare providers to appear at trial. (Dkt. No. 11 ¶ 4.) Plaintiffs also identify Ms. Nevels as outside of both the Marshall Division's and Sherman Division's subpoena power. (*Id.*)

While Defendant speculates, it cites no evidence that Plaintiffs' medical providers, the investigating officer, or any eyewitnesses reside within the Sherman Division's subpoena power.

---

[2] The Court is neither prepared nor able to weigh the ultimate proof for use at trial at this stage of the case. Without assigning weight to the evidence in Denton versus the evidence in Tennessee, the Court cannot find this factor in favor of transfer.

(Dkt. No. 7 at 6-7 (Defendant states that "*upon information and belief*, these witnesses would be within 100 miles of Sherman, and are within subpoena power of the Sherman Division.") (emphasis added); *see Washington v. IG Auto Transp.*, No. 2:21-cv-00342-JRG-RSP, 2022 WL 4082460, at *3 (E.D. Tex. Sept. 6, 2022) (requiring the defendant to specifically identify potential witnesses and evidence of their location); *Zoch v. Daimler, AG*, 2017 WL 11477143, at *3 (E.D. Tex. Aug. 18, 2017) (same).) Defendant also does not affirmatively represent that it intends to call any of these unspecified medical providers, the investigating officer, or any unnamed eyewitness at trial. These are not difficult assertions to make with appropriate specificity, yet it is Defendant's burden to do so. Defendant has not done so. Since this factor fails to allege definite facts that the Sherman Division is more convenient, the Court finds that this factor is neutral.

### 3.    The Cost of Attendance for Willing Witnesses

When analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 204-05. The Fifth Circuit clarified that the 100–mile "threshold" in this factor has greater significance when the distance is greater than 100 miles. *In re Radmax*, 720 F.3d at 289.

Defendant argues that the Sherman Division is a more convenient forum because "non-party witnesses will primarily be from The Colony and Lewisville, Texas, both in Denton County" and because Plaintiffs are residents of Denton County. (Dkt. No. 7 at 7-8.) Defendant argues that "[i]t would be unreasonable to more than double the distance, travel time, meals and lodging expenses, and overnight stays for several of these nonparty witnesses to attend this trial in Marshall, Texas." (*Id.* at 8.) Defendant further argues that Sherman is more convenient because Sherman is closer to the Dallas-Fort Worth ("DFW") Airport than Marshall. (*Id.* at 7-8.)

Plaintiffs' response reiterates their arguments concerning the first and second private interest factors. (*See* Dkt. No. 11 ¶¶ 4-5.) In addition, Plaintiffs argue that Tennessee is closer to Marshall than Sherman. (*Id.* ¶¶ 6-7.) Plaintiffs point out that Defendant's corporate representative could easily fly in and out of the Shreveport Airport, which is much closer to Marshall than Sherman is to the DFW Airport. (*Id.*; Dkt. No. 18 at 2.)

On balance, the Court finds that this factor is neutral. The only trial witnesses that Defendant specifically identified as being closer to Sherman than Marshall are Plaintiffs themselves. As noted above, Defendant speculates and cites no evidence that any of these unspecified medical providers, the investigating officer, or any unidentified eyewitness reside in the Sherman Division or would be called as trial witnesses. *See, e.g., Washington*, 2022 WL 4082460, at *3 (requiring the defendant to specifically identify potential witnesses and their location); *Brooks*, 2019 WL 13210805, at *4 (finding this factor neutral where the defendant, *inter alia*, did not set forth any evidence as to the responding police officer's location); *Zoch*, 2017 WL 11477143, at *3 (the defendant specifically identified witnesses and their location). The Court also finds that Marshall is more convenient for Ms. Nevels who will likely be a critical trial witness. It is much closer to drive or rely on regular direct flights between Houston and Shreveport than to Sherman. Further, the Court finds that Marshall is more convenient for Defendant. Defendant is closer to Marshall from Tennessee—whether measured by air or automotive travel—than Sherman.

Accordingly, because Defendant has failed to meet its burden to show that transfer would reduce the total inconvenience for both parties and witnesses, the Court finds that this factor is neutral.

### 4.    Other Practical Problems

Defendant asserts that other practical considerations weigh in favor of transfer. (Dkt. No. 7 at 8.) Specifically, Defendant argues that the location of its counsel in Dallas, Texas favors transfer. (*Id.*) Defendant also argues that the place of the alleged wrong conduct favors transfer. (*Id.*) Further, Defendant asserts that "maintenance of this action in the Marshall Division would work an injustice to all parties and non-parties due to economic and personal hardships, and the balance of interests of all the parties predominates in favor of" transfer. (*Id.*)

The Court finds that "the convenience of counsel is not given significant weight in the transfer analysis." *Duckworth v. Tractor Supply Co.*, No. 2:22-cv-054-JRG-RSP, 2022 WL 2070610, at *2 (E.D. Tex. June 8, 2022). While the Court recognizes that the "place of the alleged wrong" is a relevant factor, the Court recognizes that the plaintiff's choice of forum is also to be considered, though given less weight in the transfer analysis when the plaintiff does not bring suit in its home district. *Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 796-98 (E.D. Tex. 2006).

Accordingly, the Court finds that this factor weighs slightly in favor of transfer.

### C.    Public Interest Factors

The public factors include: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized interests decided at home; (iii) the familiarity of the forum with the law that will govern the case; and (iv) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft*, 454 U.S. at 241 n.6).

### 1.    Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor" in the transfer analysis. *In re Genentech*, 566 F.3d 1338,

1347 (Fed. Cir. 2009). This factor is the most speculative and should not alone outweigh the other factors. *Id.*

Defendant does not identify any issues relating to congestion. (*See* Dkt. No. 7 at 9.) Instead, Defendant argues that transferring the case would not result in any delay. (*Id.*) The Court finds that both divisions could provide timely trials. Accordingly, this factor is neutral.

### 2.     Local Interest

This factor analyzes the "factual connection" that a case has with the transferee and transferor venues. *Volkswagen I*, 371 F.3d at 206. Local interests that could apply to any judicial district or division in the United States are disregarded in favor of particularized local interests. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008); *Volkswagen II*, 545 F.3d at 318.

Defendant argues that the Sherman Division has a local interest because the accident occurred in the Sherman Division. (Dkt. No. 7 at 9-10.) Defendant asserts that the Marshall Division does not have a local interest because no operative facts occurred in the Marshall Division. (*Id.*) Plaintiffs argue that the local interest is "minimal, if any at all" because this case stems from damages of people who contend a Tennessee trucking company was negligent. (Dkt. No. 11 ¶ 8.)

There is a factual connection to the transferee venue because the accident occurred in the Sherman Division and involved Plaintiffs who reside in the Sherman Division. Thus, there is a local interest in the Sherman Division. However, even if the Sherman Division has a greater local interest than the Marshall Division, such consideration only weighs slightly in favor of transfer. *Pressley v. Spraymax, Inc.*, 2011 WL 888367, at *3 (E.D. Tex. Mar. 14, 2011) ("However, in light of the greater deference available to the Court when considering intra-district transfers, the Court concludes that [the local interest] factor weighs only slightly in favor of transfer."); *Transdata, Inc. v. Tri-Cty. Elec. Coop.*, Inc., 2011 WL 13134895, at *4 (E.D. Tex. Aug. 18, 2011). The Court

also recognizes that this case involves the alleged negligence of a national trucking company based in Tennessee playing out through its driver from Houston.

Accordingly, the Court finds that this factor weighs slightly in favor of transfer.

### 3.     Familiarity of the Forum with Law

Plaintiffs' claims are governed by Texas and federal law. Both courts are capable of applying Texas and federal law. Therefore, the Court finds this factor neutral.

### 4.     Conflict of Laws

Neither party identifies any conflict of law issues that would make this case better suited in either division. Therefore, the Court finds this factor neutral.

## IV.     CONCLUSION

The Court finds that six of the eight venue factors are neutral and two venue factors only slightly favor transfer. This showing does not rise to the level of clearly more convenient, especially when it is Plaintiffs who chose to file in this division, which is less convenient for them and more convenient for Defendant. Accordingly, the Court finds that Defendant has failed to carry its burden to show that the Sherman Division is clearly more convenient than the Marshall Division. Defendant's Motion to Transfer (Dkt. No. 7) is **DENIED**. The Court further **DENIES AS MOOT** Defendant's Hearing Request (Dkt. No. 19).

**So ORDERED and SIGNED this 24th day of February, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE